# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN, Jr.,

    Petitioner,

vs.                                                                                           No. CIV 18-0394 JB/KK

STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF VOLUNTARY DISMISSAL

**THIS MATTER** comes before the Court on: (i) the Petitioner's Letter to the Court (dated May 5, 2018), filed May 11, 2018 (Doc. 4)("Response"), which responds to the Court's Order Notifying Petitioner of Recharacterization of his Letter as a Petition for Writ of Habeas Corpus, filed April 30, 2018 (Doc. 3)("Order"); and (ii) Letter to the Court (dated May 16, 2018), filed May 29, 2018 (Doc. 5)("Motion to Withdraw"). For the reasons explained below, the Court will construe Petitioner Woodrow Dunn's Motion to Withdraw liberally as a notice of voluntary dismissal under rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and will enter Final Judgment.

      On April 26, 2018, Dunn filed the Letter to the Court (dated April 22, 2018), filed April 26, 2018 (Doc. 1)("Letter"), which appeared to seek immediate release or expedite release from the State of New Mexico's custody. Consistent with <u>Castro v. United States</u>, 540 U.S. 375 (2003), the Court notified Dunn that it intended to recharacterize his pro se Letter as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and afford him an opportunity to withdraw the Letter or to amend it to add additional claims. <u>See</u> Order at 1-2. In the Response, Dunn "respectfully requests[s] [the] Court not to take the letter as a habeas corpus" petition, explaining that he simply wants the court to "oversee" or "watch over" his pending appeal and tort claim in

state court.  Response at 1.  Dunn followed his Response with the Motion to Withdraw, which asks the Court to "please withdraw" the Letter because he does "not want to file a habeas corrpus [sic] at this point."  Motion to Withdraw at 2.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  See Rules Governing Section 2254 Cases in the United States District Courts 12 (providing that "[t]he Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules").  In light of the rule of liberal construction applicable to pro se pleadings and Dunn's express intent to withdraw his Letter prior to recharacterization as a petition for writ of habeas corpus under 28 U.S.C. § 2254, the Court will construe Dunn's Motion to Withdraw as a notice of voluntary dismissal under rule 41(a)(1)(A)(i).  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  Respondent State of New Mexico has not yet filed an answer or a motion for summary judgment and, therefore, Dunn "has an absolute right to dismiss without prejudice and no action is required on the part of the court."  Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003).  Because Dunn's Letter has been dismissed voluntarily without prejudice, the Court will not recharacterize the Letter as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and any subsequent § 2254 petition that Dunn may file will not be subject to the restriction on "second or successive" petitions in 28 U.S.C. § 2244.

**IT IS ORDERED** that: (i) the Letter to the Court (dated April 22, 2018), filed April 26, 2018 (Doc. 1), is dismissed without prejudice; and (ii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Woodrow Dunn, Jr.
Northeast New Mexico Detention Facility
Clayton, New Mexico

    *Plaintiff pro se*